

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,445-01

### EX PARTE MICHAEL TAPIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2015-74-C1A IN THE 19TH DISTRICT COURT
### FROM MCLENNAN COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated assault against a public servant (Count I) and evading arrest or detention (Count II). He was sentenced to fifteen years' imprisonment on Count I and ten years' imprisonment on Count II, to run concurrently. The Tenth Court of Appeals dismissed Applicant's *pro* se appeal because it was untimely. *Tapia v. State*, No. 10-17-0089-CR (Tex. App.—Waco, Mar. 22, 2017) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel made threats that induced his guilty plea and because he was incompetent at the time he pleaded

guilty. Applicant also contends that he was denied his right to an appeal because counsel failed to file a notice of appeal, despite Applicant requesting he do so. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Brady v. United States*, 397 U.S. 742 (1970); *Garza v. Idaho*, 139 S. Ct. 738, 748, 749-50 (2019); *Jones v. State*, 98 S.W.3d 700, 703-04 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court shall also make specific findings addressing whether Applicant was competent at the time he pleaded guilty. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. The trial court shall make specific findings addressing whether Applicant instructed counsel to perfect appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 2, 2022
Do not publish